**Rahmi MERCAN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1577–ag.

United States Court of Appeals, Second Circuit.

Aug. 20, 2008.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Rahmi Mercan, a native and citizen of Turkey, seeks review of the March 5, 2008 order of the BIA denying his motion to reopen. *In re Rahmi Mercan*, No. A78 411 936 (B.I.A. Mar. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the BIA's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that such motions are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Mercan's motion to reopen as untimely. The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which

the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Mercan's November 2007 motion was untimely where the BIA issued a final order in June 2006. *See id.* Moreover, the BIA properly found that Mercan's motion did not qualify for an exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Indeed, although Mercan submitted recent country reports and newspaper articles in support of his claim of changed country conditions, the BIA did not abuse its discretion in concluding that his evidence demonstrated only ongoing political tensions and military abuses in Turkey as opposed to a change in conditions. For example, the 2006 U.S. Department of State report that Mercan submitted with his motion to reopen details virtually identical country conditions as those described in the 2003 U.S. Department of State report submitted before the IJ.

As the BIA did not err in finding that Mercan failed to demonstrate changed country conditions in Turkey, it did not abuse its discretion in denying his motion to reopen as untimely. Moreover, we lack jurisdiction to review the BIA's decision insofar as it declined to *sua sponte* reopen Mercan's case. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).